OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered December 20, 1983 unanimously affirmed.
Defendant stands convicted of violating Vehicle and Traffic Law § 1192 (2). That section provides: "No person shall operate a motor vehicle while he has .10 of one per centum or more by weight of alcohol in his blood as shown by chemical analysis of his blood, breath, urine or saliva”. On appeal, defendant argues that this provision is unconstitutionally vague and violative of due process "because a person of ordinary intelligence can never determine whether his blood alcohol concentration is .10 per cent or more, and, therefore, is unable to conform his conduct to the requirements of the law”.
*832 The Court of Appeals has previously rejected challenges of vagueness against subdivision (1) ("driving while impaired”) and subdivision (3) ("driving while intoxicated”) of the same statute (People v Cruz, 48 NY2d 419). In so holding, the court restated the fundamental due process requisites of a criminal statute — namely, that it be formulated in reasonably definite terms so that the public has adequate warning of what conduct the law prohibits or commands, and so that the law enforcement community can fairly administer it (People v Cruz, supra, pp 423-424). Applying these guidelines, we have no difficulty concluding that subdivision (2) also passes constitutional muster. Our conclusion finds support in the penetrating analysis of this subject by the unanimous Supreme Court of California in Burg v Municipal Ct. (35 Cal 3d 257, 673 P2d 732, cert denied 466 US 967), where the constitutionality of an analogous .10% statute was sustained.
As more fully documented in Burg, the development of scientific measurement of blood-alcohol levels has prompted many States, in the exercise of their police power, to regulate travel over the public highways, to enact statutes which define criminal conduct as the act of driving with a specified blood-alcohol level. Such a statute is not impermissibly "vague”; on the contrary, it is evident that, at least in terms of promoting evenhanded law enforcement, the statute could not be more precise because it establishes an empirical standard which may be readily ascertained by the use of reliable testing procedures. Nor does due process necessarily require that a defendant, in order to conform his conduct to the statute, have the ability to identify his exact blood-alcohol level at the time he undertakes to operate a vehicle. The Constitution only requires reasonable precision; it does not impose "impossible standards” (People v Cruz, supra, p 424). There is now a substantial body of scientific evidence that virtually all persons suffer cognizable impairment of their normal driving ability at .10% blood alcohol (Burg v Municipal Ct., 35 Cal 3d 257, 673 P2d 732, 738-739, supra). One who drives a vehicle after having consumed sufficient alcohol to approach or exceed the level proscribed is fairly on notice that he is in jeopardy of violating the statute: "Considering * * * today’s heightened level of public awareness regarding the problem, we cannot believe that any person who drives after drinking would be unaware of the possibility that his blood-alcohol level might equal or exceed the statutory standard * * * If, in the exceptional case, a person experiencing the symptoms of alcohol *833 ingestion failed to be aware of them, the most probable reason would be depression of the brain function caused by the alcohol itself. 'Fair notice,’ however, has not been interpreted as requiring the overcoming of such a self-induced obstacle” (Burg v Municipal Ct., supra, pp 271-272, p 741). On the remaining issues, we have considered the alleged infirmities in the charge and find them to be without substantial merit and/ or not adequately preserved for appellate review. The issue of justification was not sufficiently developed at trial. Moreover, it would have related only to conduct of the defendant in driving the car after it had malfunctioned and stalled, whereas the jury was instructed that in order to find that defendant was the operator of the vehicle, they had to find that the defendant was the actual driver of the car before it was disabled. The requested charge that the jury could reject the results of the breathalyzer test if they believed the machine used for the test was not operating properly, was correctly denied, there being no evidence in the case to suggest machine malfunction. The officer who performed the test was certified by the Department of Health (see, Vehicle and Traffic Law § 1194 [9]), and his testimony as to the procedures employed to insure that the machine was functional was not impeached.
Hughes, P. J., Riccobono and Sandifer, JJ., concur.